DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(RURAL DEVELOPMENT),<br><br>     **Plaintiff,**<br>  v.<br><br>WINSTON P. GORE, JR. and<br>RENNA IRNA ROBERTS,<br><br>     **Defendants.** | Civil Action No. 2020-0006 |

**Attorney:**
**Kimberly L. Cole, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiff United States of America (Rural Development)*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff United States of America's (Rural Development) ("United States") "Motion for Default Judgment" against Defendants Winston P. Gore, Jr. and Renna Irna Roberts ("Defendants"). (Dkt. No. 28). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment.

### I. BACKGROUND

On February 11, 2020, the United States filed a Complaint for debt and foreclosure against Defendants. (Dkt. No. 1). The United States alleged that, on or about August 3, 1998, Defendant Roberts executed and delivered to the United States a Promissory Note (the "Note") in which she promised to pay the principal sum of $53,000, plus interest at the rate of 6.25% per annum, in monthly installments beginning on September 3, 1998. *Id.* at ¶ 6. As security for payment on the

Note, Defendant Roberts executed and delivered to the United States a Mortgage on August 3, 1998 encumbering the property described as:

> Plot No. 254 (0.2296 U.S. acres) of Estate Mount Pleasant, Prince Quarter as shown on Public Works Department Drawing No. 4716 dated March 29, 1993, revised on February 25, 1997.

("the Property") *Id.* at ¶ 7.[1]

The Complaint further alleges that Defendant Gore entered into an Assumption Agreement dated January 10, 2012 in which he assumed responsibility for the Note and Mortgage taken by Defendant Roberts, and as a result, the entire indebtedness owed. *Id.* at ¶ 9. The Complaint further alleges that Defendant Gore is in default pursuant to the terms of the Note and the Mortgage because he failed to pay the monthly installments—beginning with the June 3, 2002 monthly installment and all subsequent installments that were due. *Id.* at ¶ 10. Consequently, and pursuant to the terms of the loan documents, the United States declared the entire amount of the indebtedness immediately due and payable and demanded payment. *Id*. at ¶ 11. As of the date of the Complaint, the default had not been cured. *Id*. at ¶ 12.

On April 27, 2020, both Defendants were personally served with a copy of the Summons and Complaint. (Dkt. Nos. 21, 22). Thereafter, on January 11, 2021, the Clerk of Court entered default against Defendants after they failed to answer or otherwise respond to the Complaint. (Dkt. No. 26).

On March 9, 2021, the United States filed the instant Motion for Default Judgment against Defendants. (Dkt. No. 28). In its Memorandum in Support of its Motion, the United States asserts

---

[1] The Complaint alleges that Defendant Roberts executed the Mortgage on July 31, 1998, and that it was recorded on August 4, 1998. (Dkt. No. 1 at ¶ 7). However, on August 25, 1998, a "Correction of Insured Real Estate Mortgage" was executed to correct the date of the Mortgage to August 3, 1998 and the maturity date of the loan as August 3, 2031. *Id.* at ¶ 8. The Correction was recorded on August 26, 1998. *Id.*

that default judgment is appropriate against Defendants because: (1) Defendant Roberts signed the Note and Mortgage which is evidence of the debt owed to the United States and that she pledged the Property as security for the debt; (2) the Assumption Agreement was signed by Defendant Gore in which he assumed responsibility for the Note and Mortgage; and (3) the Note and Mortgage provide the authority for the United States to foreclose on the Property. (Dkt. No. 29 at 3).

The United States also avers that the procedural elements for default judgment against Defendants have been satisfied because Defendants received notice of the foreclosure action; Defendants failed to file an answer to the Complaint; and Defendants are not minors or incompetent persons, nor in active duty in any branch of the military service. *Id.* at 3-4. In addition, the United States asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2] *Id.*

Along with the Motion for Default Judgment, the United States included a "Declaration on the Certification of Government Records," signed by Kimme R. Bryce, Area Director, Rural Development[3], who attests that she has personal knowledge of the documents executed by Defendants, which are maintained as part of the United States' business records. (Dkt. No. 29-2). Additionally, Ms. Bryce signed an updated Certificate of Indebtedness certifying that the indebtedness on the Note is set forth on the Payoff Information Sheet, which itemizes how the

---

[2] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[3] Rural Development is an agency of the United States Department of Agriculture.

3

interest and costs on the account were calculated. (Dkt. No. 33-1 at 2). Based on the information provided, the indebtedness to the United States as of December 31, 2021 consists of a principal balance of $77,163.16; accrued interest from May 3, 2002 through December 31, 2021 of $94,895.26; fees of $91,543.61 (consisting of escrow fees for taxes and insurance of $76,580.14 additional escrow fees due of $4,745.47, caretaker fees of $10,018.00, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, caretaker fees, title search fees) of $39,245.00 through December 31, 2021, for a total indebtedness of $302,847.03. *Id.* In addition, Ms. Bryce asserts that $13.2129 in per diem interest continues to accrue on the principal balance and $14.8606 in per diem interest on the fees after December 31, 2021. *Id.*

Counsel for the United States, Kimberly L. Cole, Esq., also provided a Declaration of Counsel in support of the United States' Motion for Default Judgment. (Dkt. No. 29-1). Attorney Cole attests that Defendants are neither minors nor incompetent persons, and Defendants are not members of the military as verified through the Department of Defense Manpower Data Center's database. *Id*.

On March 23, 2020, the United States filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with USDA Single-Family Housing Direct loans in light of the COVID-19 pandemic. (Dkt. Nos. 10, 10-1). After granting several extensions of the stay at the behest of the United States, the Magistrate Judge lifted the stay on August 28, 2020. (Dkt. No. 20). To date, Defendants have not responded to the United States' Motion for Default Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star*

4

*Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III.   DISCUSSION

The United States has satisfied all of the requirements necessary to obtain a default judgment against Defendants, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. The United States has shown that: (1) Defendant Roberts executed and delivered to the United States a Note and Mortgage (Dkt. Nos. 1-2; 1-3; 1-4); (2) Defendant Gore signed an Assumption Agreement on

January 10, 2012 assuming responsibility of the Note and Mortgage (Dkt. No. 1-5); (3) Defendant Gore is in default under the terms of the Note and Mortgage (Dkt. No. 1-6); and (4) the United States has possession of the Note and is the holder of the Mortgage, which provides that the United States is entitled to foreclose its lien on the Property (Dkt. No. 1-3 at ¶ 22). Accepting the factual allegations as true, in light of the accompanying documentation confirming the terms of the Note and Mortgage, the Court finds that the United States has established the merits of its claim for purposes of default judgment.

In addition to establishing the elements of its claim, the United States has satisfied all of the procedural requirements necessary to obtain a default judgment against Defendants. The United States has properly shown that: (1) Defendants were personally served with the Summons and Complaint (Dkt. Nos. 21, 22); (2) Defendants have not appeared in this matter; (3) default was entered against Defendants by the Clerk of Court (Dkt. No. 26); and (4) Defendants are neither minors nor incompetent persons (Dkt. No. 29-1 at ¶ 4). Further, the United States has provided copies of Military Status Reports from the Department of Defense Manpower Data Center establishing that Winston P. Gore, Jr. and Renna Irna Roberts are not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 23-2; 25).

The United States has also shown with specificity how it calculated the amount due on the account by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. No. 33-1). The Court finds that the following amounts are due: principal balance of $77,163.16; accrued interest from May 3, 2002 through December 31, 2021 of $94,895.26; accrued interest from January 1, 2022 through the date of entry of Judgment of

$6,844.28[4]; fees of $91,543.61 (consisting of escrow fees for taxes and insurance of $76,580.14, additional escrow fees of $4,745.47, caretaker fees of $10,018.00, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, caretaker fees, title search fees) of $39,245.00 through December 31, 2021; and accrued interest on the fees (taxes, insurance, caretaker fees, title search fees) of $7,697.79[5] from January 1, 2022 until the date of entry of Judgment, for a total indebtedness of $317,389.10.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from Defendants' breach of their contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, Defendants' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Defendants is appropriate.

### IV.   CONCLUSION

For the reasons discussed above, the Court will grant the United States' "Motion for Default Judgment" (Dkt. No. 28) against Defendants Winston P. Gore, Jr. and Renna Irna Roberts. Accordingly, the Court will award Judgment in favor of the United States and against Defendants

---

[4] $13.2129 per diem interest *x* 518 days = $6,844.28 accrued interest

[5] $14.8606 per diem interest *x* 518 days = $7,697.79 accrued interest

in the amount of $317,389.10 consisting of: the principal balance of $77,163.16; accrued interest from May 3, 2002 through December 31, 2021 of $94,895.26; accrued interest from January 1, 2022 through the date of entry of Judgment of $6,844.28; fees of $91,543.61 (consisting of escrow fees for taxes and insurance of $76,580.14, additional escrow fees due of $4,745.47, caretaker fees of $10,018.00, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, caretaker fees, title search fees) through December 31, 2021 of $39,245.00; and accrued interest on the fees (taxes, insurance, caretaker fees, title search fees) from January 1, 2022 through the date of entry of Judgment of $7,697.79. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 2, 2023                                  _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge